IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

WILLIAM R. JONES,
and TIFFANY JONES,

                Plaintiffs,

v.                                        CIVIL ACTION NO.   3:13-22811

HEIL PROCESS EQUIPMENT, LLC,

                Defendant/Third-Party Plaintiff,

v.

SPECIAL METALS COPRORATION,
D/B/A HUNTINGTON ALLOYS CORPORATION,

and

HUNTINGTON ALLOYS CORPORATION,

                Third-Party Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are two motions to dismiss and/or for summary judgment. On June 16, 2014, Special Metals Corporation (SMC) filed a Motion to Dismiss Third-Party Complaint or in the Alternative Motion for Summary Judgment. ECF No. 21.  Three days after this motion was filed, Heil Process Equipment, LLC (Heil) filed a First Amended Third-Party Complaint.  Thereafter, on June 27, 2014, SMC and Huntington Alloys Corporation (Huntington Alloys) filed a joint Motion to Dismiss First Amended Third-Party Complaint or in the Alternative Motion for Summary Judgment. ECF No. 24.   In the motion, SMC states it fully incorporates its first motion in its entirety.   Huntington Alloys incorporates SMC's first motion as well, except as

to SMC's argument that it did not employ the underlying Plaintiff, William R. Jones. For the following reasons, the Court **DENIES** both motions.[1]

# I.
# FACTS

On September 11, 2013, Plaintiffs William R. and Tiffany Jones filed a product liability action against Heil. In the First Amended Third-Party Complaint, Plaintiffs allege that Mr. Jones was an employee of SMC and/or Huntington Alloys, when a fan blade broke off a stack fan manufactured by Heil. Plaintiffs claim the fan blade struck Mr. Jones in the head, causing him to sustain serious and permanent injuries. Plaintiffs allege, inter alia, the fan blade was defective and not reasonably fit for its intended use. Mr. Jones did not sue his employer in the Complaint, but he was awarded permanent total disability through West Virginia's workers' compensation system.

On April 3, 2014, Heil filed a Motion for Leave to File a Third-Party Complaint against SMC d/b/a Huntington Alloys for contribution, indemnity, and contribution by way of deliberate intent. Huntington Alloys responded by arguing that Heil's motion was futile and should be denied. On May 27, 2014, this Court entered a Memorandum Opinion and Order agreeing that Heil's attempt to seek contribution and indemnification outside of deliberate intent was futile as a matter of law, but the Court found that Heil had at least a colorable claim of contribution under a theory of deliberate intent. Therefore, the Court granted Heil the opportunity to file a revised version of its Third-Party Complaint and declined Huntington Alloys' request that

---

[1]Ordinarily, the Court would dismiss the first motion as moot because the Third-Party Complaint was amended after the motion was filed. However, as SMC and Huntington Alloys incorporate the first motion into their second motion, the Court will consider the arguments made in the first motion with respect to the First Amended Third-Party Complaint.

this Court preemptively find Heil could not state a sufficient factual basis for its claim. SMC and Huntington Alloy now move to have the First Amended Third-Party Complaint dismissed or for them to be granted summary judgment.

## II.
## STANDARD OF REVIEW

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court disavowed the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41 (1957), which was long used to evaluate complaints subject to 12(b)(6) motions. 550 U.S. at 563. In its place, courts must now look for "plausibility" in the complaint. This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id*. (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotation marks and citations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained the requirements of Rule 8 and the "plausibility standard" in more detail. In *Iqbal*, the Supreme Court reiterated that Rule 8 does not demand "detailed factual allegations[.]" 556 U.S. at 678 (internal quotation marks and citations omitted). However, a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The Supreme Court continued by explaining that, although factual allegations in a complaint must be accepted as true for purposes of a motion to dismiss, this tenet does not apply to legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id*. at 679. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id*. (quoting, in part, Fed. R. Civ. P. 8(a)(2)). The Supreme Court further articulated that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

## III.
## DISCUSSION

In the motions, SMC argues it is not a proper party to this action, and both SMC and Huntington Alloys assert the First Amended Third-Party Complaint fails to plead sufficient facts to state a cause of action. With respect to the first argument, SMC claims that it was not Mr. Jones' employer, and it did not purchase, own, operate, or maintain the stack fan at issue. Instead, SMC asserts that Mr. Jones was employed by Huntington Alloys, and Huntington Alloys owned and operated the fan. Included with the motions was an affidavit from Steven Bortel, who serves as Huntington Alloys' Employee Relations Manager. According to Mr. Bortel, SMC is

Huntington Alloys' parent company and, although Huntington Alloys occasionally does business as SMC, they are two distinct corporations. Mr. Bortel states that Mr. Jones was employed by Huntington Alloys, not SMC. Attached wage statements and unemployment compensation forms list Huntington Alloys as Mr. Jones' employer. In addition, an attached invoice for a fan lists the "Bill To" and "Ship To" as Huntington Alloys. The Court notes, however, that an attached purchase order has a header reading:

> "Special Metals Corporation
> Huntington Alloys Corporation
> A PCC Company[.]"

In addition, although the "Bill To" and "Ship To" on the purchase order remain addressed to Huntington Alloys, the email address listed is "@specialmetals.com."

Heil responds to these claims by arguing that the attachments convert the motions to dismiss into ones for summary judgment and, as such, are premature. The Court agrees with Heil. It is well established that "[i]n resolving a motion pursuant to Rule 12(b)(6) . . . , a district court cannot consider matters outside the pleadings without converting the motion into one for summary judgment. Fed. R. Civ. P. 12(d)." *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013).[2] When matters outside the pleadings are considered, Rule 12(d) provides that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Fed. R. Civ. P.* 12(d), in part.[3] Thus, if the Court considers the attached documents, the

---

[2] Although there are limited exceptions to this rule, those exceptions do not apply to this case.

[3] Rule 12(d) provides, in full: "**(d) Result of Presenting Matters Outside the Pleadings**. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the

Court must treat the motions as ones for summary judgment. As such, the Court finds that they are clearly premature as Heil has not had a reasonable opportunity to conduct discovery on the issue yet. Moreover, even if the Court chooses not to consider the attachments, the Court finds Heil has stated a plausible claim that SMC is Mr. Jones' employer and dismissal at this point in time is unwarranted. Therefore, the Court **DENIES** the motions to dismiss or, in the alternative, for summary judgment based upon SMC's assertion it is not Mr. Jones' employer.

Next, SMC and Huntington Alloys argue that the allegations in the First Amended Third-Party Complaint are insufficient as a matter of law. West Virginia Code § 23-4-2(d)(2) provides that an employer's immunity from suit may be lost if the employer acted with deliberate intent. To prove deliberate intent, it must be shown that the employer "acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee" or by establishing the following factors:

> (A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
>
> (B) That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;
>
> (C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted

---

motion." *Fed. R. Civ. P.* 12(d).

>with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;
>
>(D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and
>
>(E) That the employee exposed suffered serious compensable injury or compensable death as defined in section one, article four, chapter twenty-three whether a claim for benefits under this chapter is filed or not as a direct and proximate result of the specific unsafe working condition.

W. Va. Code § 23-4-2(d)(2)(i) and (ii).

SMC and Huntington Alloys argue that Heil alleges insufficient facts to support its claim for deliberate intent. In summary, Heil alleges that SMC/Huntington Alloys had actual knowledge of the unsafe working condition and of "a high degree of risk and strong probability of serious injury or death" because SMC/Huntington Alloys (1) "unsafely modified the fan contrary to manufacturer- and industry-recommended practices"; (2) knew the fan was installed without recommended guarding; (3) knew the fan, its housing, and ancillary equipment previously were damaged; (4) failed to meaningfully assess, inspect, maintain, and repair the fan and its housing; and (5) knew that as a result of misuse, failure to perform maintenance, and/or expired life span, the fan was malfunctioning. *First Amend. Third-Party Compl.* at ¶12. Heil also asserts the manner in which the fan, its housing, and the ancillary equipment were installed and maintained violated safety standards, including, but not limited to 29 C.F.R. § 1910.132 of the Occupational Safety and Health Administration Standards, Publication 410 of the Air Movement and Control Association International, Inc., Heil's "Installation, Operation & Maintenance Manual," and warning labels by Heil affixed to the fan. Heil further claims that, although SMC/Huntington

Alloys knew about the specific unsafe working conditions, they took no action to remedy or correct the problems. Upon review, the Court finds these allegations easily meet the plausibility standard set forth in *Twombly* and *Iqbal*. Therefore, the Court **DENIES** the motions for failure to state a claim.[4]

## IV.
## CONCLUSION

Accordingly, for the foregoing reasons, the Court **DENIES** both motions to dismiss or, in the alternative, for summary judgment. ECF Nos. 21 & 24.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 21, 2014

_____
ROBERT C. CHAMBERS, CHIEF JUDGE

---

[4] SMC and Huntington Alloys also assert that Heil attempts to seek indemnity in paragraphs 19 and 20 of the First Amended Third-Party Complaint. The Court ruled in its Memorandum Opinion and Order entered on May 27, 2014, that Heil is not entitled to indemnity under West Virginia law. Thus, to the extent Heil seeks indemnity, the Court will not permit it.