IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

WILLIAM R. JONES,
and TIFFANY JONES,

          Plaintiffs,

v.                              CIVIL ACTION NO.   3:13-22811

HEIL PROCESS EQUIPMENT, LLC,
          Defendant/Third-Party Plaintiff,

v.

SPECIAL METALS COPRORATION,
D/B/A HUNTINGTON ALLOYS CORPORATION,

and

HUNTINGTON ALLOYS CORPORATION,

          Third-Party Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion to Exclude Plaintiffs' Experts and Motion for Summary Judgment by Defendant/Third-Party Plaintiff Heil Process Equipment, LLC's (Heil) (ECF No. 38), and a Joint Motion to Modify Scheduling Order by Plaintiffs William R. and Tiffany Jones (Plaintiffs) and Third-Party Defendants Huntington Alloys Corporation and Special Metals Corporation. (Huntington Alloys and SMC) ECF No. 36.  For the following reasons, the Court **DENIES** the motion by Heil and **GRANTS** the motion by Plaintiffs, Huntington Alloys, and SMC.

In its motion, Heil argues that this Court should exclude the experts identified by Plaintiffs because they failed to produce written reports from those experts by the August 8, 2014 deadline set forth in this Court Scheduling Order. Without such expert testimony, Heil further asserts it is entitled to summary judgment on Plaintiffs' product liability claims.

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides, in part, that: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1), in part.[1] In determining whether a party's failure to disclosure is substantially justified or harmless, thereby excusing the violation, a court should consider the following factors as a guide:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*S. States Rack & Fixture, Inc. v. Sherwin–Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). The burden of proof lies with the non-disclosing party, and the district court has broad discretion to determine whether a non-disclosure was substantially justified or harmless. *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014).

---

[1] The remainder of subsection (1) states: "In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." *Id*.

Here, Plaintiffs assert that, on the deadline, they disclosed as expert witnesses: (1) Elizabeth A. Davis, a life care planner; (2) Daniel Selby, a certified public accountant; (3) Dr. Ali R. Moazed, Ph.D., an engineering consultant; and (4) Jaime Petty-Galis, a professional engineer. Plaintiffs admit that they did not submit signed written reports from any of their experts. However, they argue they were substantially justified in their decision.

Plaintiffs claim that Mr. Jones' medical condition worsened during the summer of 2014, requiring intensive care treatment in the hospital, and there was a legitimate concern he would not survive. If Mr. Jones passed away, it would have substantially changed the life care plan being prepared by Mrs. Davis and the analysis of Mr. Jones' economic damages being calculated by Mr. Shelby. Although Mr. Jones' condition stabilized, Plaintiffs assert they still are awaiting his most recent medical information and documentation so the life care plan and economic analysis can be completed. Thus, Plaintiffs essentially argue that it was pointless for Mrs. Davis and Mr. Shelby to prepare written reports by the deadline because they could not have adequately evaluated his damages and future needs.

Plaintiffs also claim problems existed in getting their engineering reports completed. Plaintiffs state that their engineering expert Jamie Petty-Galis viewed the fan at issue on April 28, 2014, and gathered information to perform a nondestructive examination. Plaintiffs assert, however, the nondestructive examination was inconclusive and a destructive examination of the fan is necessary. According to Plaintiffs, Heil was present during that evaluation, and it was notified of the need for destructive testing. Nevertheless, the destructive examination has not been performed because the fan is owned by Huntington Alloys, and Huntington Alloys and SMC

resisted being parties to this action and were litigating various issues in that regard before this Court.[2] Plaintiffs argue it would have been improper to do destructive testing of the fan until after the Court determined whether Huntington Alloys and SMC were parties to ensure that all the parties could participate. Therefore, Plaintiffs assert the written reports of their experts have been unavoidably delayed.

Although the Court agrees with Heil that Plaintiffs should have sought leave to modify the deadline prior to August 8, 2014, and commands Plaintiffs to do so in the future, the Court nevertheless finds that Plaintiffs have met their burden of proof that their failure to provide the reports was substantially justified and harmless. Specifically, the Court finds that, if Plaintiffs would have requested a modification of the deadline prior to August 8, 2014, it would have been granted under the circumstances of this case. Here, Heil was aware that destructive testing of the fan was not performed and that Huntington Alloys and SMC were litigating being Third-Party Defendants, which caused a delay in completing evaluations of the fan. There is no element of surprise to Heil that the experts would need to gather information from the destructive testing for their reports. Moreover, the Court finds an extension of time to file the reports does not delay the trial of this matter because it is independently necessary to modify the current Scheduling Order to allow Huntington Alloys and SMC a sufficient opportunity to conduct discovery and prepare for trial. Similarly, the Court finds Plaintiffs have offered a legitimate reason why they failed to

---

[2] Huntington Alloys first argued Heil could not file a Third-Party Complaint against it because the Proposed Third-Party Complaint failed to state a claim and, therefore, was futile. The Court agreed, in part, with Huntington Alloys, but allowed Heil to file a revised Third-Party Complaint. On June 16, 2014, SMC filed a Motion to Dismiss the Third-Party Complaint, and on June 27, 2014, SMC and Huntington Alloys Corporation filed a joint Motion to Dismiss First Amended Third-Party Complaint or in the Alternative for Summary Judgment. ECF Nos. 21 & 24. The Court denied both these motions on August 21, 2014. ECF No. 35.

disclose the reports from Mrs. Davis and Mr. Shelby, and there is sufficient time for Plaintiffs to produce the reports without disrupting the trial in this matter.

As Huntington Alloys and SMC were added as Third-Party Defendants long after the original Scheduling Order was entered, the Court finds good cause pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure to amend the Scheduling Order and **GRANTS** the Joint Motion to Modify Scheduling Order filed by Plaintiffs, Huntington Alloys, and SMC. The Court will enter a separate Amended Scheduling Order.

Accordingly, for the foregoing reasons, the Court **DENIES** Heil's Motion to Exclude Plaintiffs' Experts and for Summary Judgment (ECF No. 38), and **GRANTS** Plaintiffs, Huntington Alloys, and SMC's Joint Motion to Modify Scheduling Order. ECF No. 36.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: September 17, 2014

_____
ROBERT C. CHAMBERS, CHIEF JUDGE