IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

WILLIAM R. JONES, et al.,

    Plaintiffs,

v.                                                Case No.:  3:13-cv-22811

HEIL PROCESS EQUIPMENT, LLC,

    Defendant/Third-Party Plaintiff,

v.

SPECIAL METALS CORPORATION,
d/b/a HUNTINGTON ALLOYS
CORPORATION and HUNTINGTON
ALLOYS CORPORATION,

    Third-Party Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Destructive Testing of the Subject Fan. (ECF No. 46). Neither the Defendant, nor either of the Third-Party Defendants, has responded in opposition to the motion, and the time for filing a responsive memorandum has expired. *See* L. R. Civ. P. 7.1(a)(7). Accordingly, for the reasons that follow, the Court **GRANTS** the motion.

This case involves personal injuries suffered by Plaintiff William R. Jones while working at Huntington Alloys on March 26, 2012. On that date, Mr. Smith was allegedly struck in the head by a blade that broke off of an operating stack fan manufactured by Defendant Heil Process Equipment, LLC ("Heil"). Plaintiffs have brought a products

1

liability action against Heil, alleging strict liability, negligent manufacturing, breach of express and implied warranties, and reckless disregard or indifference to civil obligations arising out of the manufacturing, distribution, and ultimate sale of the fan to Huntington Alloys.

During the course of discovery, the parties conducted non-destructive inspections and analysis of the subject fan and fan blade, both with and without experts present. The fan and the fan blade, as they appeared after the accident involving Mr. Jones through the present, were preserved with photographs and video recordings. (ECF Nos. 46 at 2, 47 at 6). After completing a non-destructive evaluation of the fan, Plaintiffs' expert engineer, Jaime Petty-Galis, prepared an affidavit in which she testified that non-destructive testing was insufficient to allow her to identify the root cause of the fan blade's failure, and the only way to obtain the information necessary to provide a conclusive opinion was to conduct destructive testing. (ECF No. 42-2). Ms. Petty-Galis prepared a protocol for conducting the destructive testing, which she provided to Plaintiffs' counsel. (*Id.*). She further affirmed that the proposed protocol complied with accepted practices for performing forensic material analysis of the components in question. (*Id.*).

On September 2, 2014, Plaintiffs' counsel sent to counsel for the adverse parties a notice of intent to perform destructive testing that included Ms. Petty-Galis's protocol, and requested an agreement to perform the necessary destructive testing. (ECF Nos. 42-5, 46-1). In response, counsel for Heil objected to the timing of the testing and to some aspects of the proposed protocol, but did not object outright to the concept of destructive testing. (*Id.*). The Third-Party Defendants expressed no objections to the testing or the protocols. (ECF No. 46 at 2-3). Upon receipt of Heil's letter, counsel for

Plaintiffs forwarded it to Ms. Petty-Galis to address Heil's stated concerns with the protocol. Ms. Petty-Galis prepared a detailed reply in which she explained the basis for the protocol, and specifically commented on each reservation or challenge raised by Heil. (ECF No. 46-2). Ms. Petty-Galis's reply was provided to Heil's counsel, if not upon receipt, as part of Plaintiffs' Motion to Perform Destructive Testing. As indicated, Heil has not raised with the Court any further objections.

Plaintiffs argue that a motion to permit destructive testing should be assessed under the four considerations set forth in *Mirchandani v. Home Depot, U.S.A., Inc.,* 235 F.R.D. 611, 614 (D.Md. 2006), which include:

> (1) Whether the proposed testing is reasonable, necessary, and relevant to proving the movant's case; (2) Whether the non-movant's ability to present evidence at trial will be hindered, or whether the non-movant will be prejudiced in some other way; (3) Whether there are any less prejudicial alternative methods of obtaining the evidence sought; and (4) Whether there are adequate safeguards to minimize the prejudice to the non-movant, particularly the non-movant's ability to present evidence at trial.

*Id.* They contend that, here, testing is reasonable, necessary, and relevant to prove their case; particularly, as non-destructive testing has been done and is inadequate to establish the root cause of the fan blade's failure. Moreover, the non-moving parties are not prejudiced by destructive testing because they have had ample opportunity to perform their own non-destructive testing, have photographs and video recordings, and have been invited to attend and participate in the destructive testing. There are no less extreme alternatives available to obtain the necessary information, and adequate safeguards have been taken by providing the parties with protocols, inviting their participation, and making available the results of the destructive testing. (ECF No. 47 at 5-7).

3

Having considered Plaintiffs' arguments, and noting no objections to their logic, the undersigned agrees that they have provided good cause for an order permitting their expert to proceed with destructive testing in accordance with the proposed protocols. Therefore, Plaintiffs' motion is granted.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** October 16, 2014

_____
Cheryl A. Eifert
United States Magistrate Judge